*442 The opinion of the Court was delivered by
ÜARGAN, Cii.
It would be supererogation to add much to what has been said by-the Chancellor, who heard this cause on circuit. For the facts, I refer to the statement of the Circuit decree. Nor has the reasoning of that decree left me much to say on the principal question involved in the cause.
In a court of law,.the statute of limitations runs against the party aggrieved, from the time when the injury is committed ; and the rule is the same, whether the aggrieved party has a knowledge of the trespass or injury, or not such knowledge.— This is a positive institution of the law, and is based upon policy, and a social necessity of having some well defined limits as to the time in which legal actions may be instituted. The statute of limitations does not annul the causes of action. It is a part of the lex fori, and simply withholds the remedial proceedings of the forum for the enforcement of contracts, and the reparation of injuries, after the lapse of the particular periods prescribed. Hence, they are obligatory only in the Courts, and to the extent that the law ordains. And hence, they are not obligatory upon this Court, and do not apply to proceedings in Equity, except so far as the Court has thought it conducive to the ends of justice to apply them, in analogy to the rules which prevail in a Court of Law. And as the Court only acts on this analogy, because of its subserviency to the ends of justice, it withholds such action, when it would'be obviously subversive of equity. From these reasons principally, have arisen the differences which are to be observed in the Courts of Equity, and of law, a.s to the application of the statute.
In actions at law, where fraud is the question, and the statute of limitations has been pleaded, no such rule prevails, as that the statute does not commence to run until the discovery of the fraud. The party injured must be barred by the positive prescriptions of the law, unless he can bring himself within some of the exceptions. But this has long been the familiar doctrine of this Court, and it is certainly equitable.
*443 When a party comes into this Court by bill or petition, in a case of fraud, and apprehends that the defendant will plead the statute of limitations against him, he may by way of anticipation, and the proper course for him to pursue is, to state in his bill, or petition, that the fraud has been discovered within four years previous to the commencement of his suit. In the case now before the Court, no such allegation was made in the original bill, and the defendant pleaded the statute of limitations. The plaintiffs had leave to amend their bill, by making the proper averments; which they did. The issue was thus made up between the parties, and the case tried on these allegations.
When the plaintiff alleges that the fraud has been discovered within four years, he states a material fact, which, if true, exempts the case from the operation of the statute. But upon which of the parties devolves the burthen of proving the truth of such material allegation ? This is a question which, though it must often have occurred in practice, has not heretofore been very clearly settled.
A general rule that pervades the whole system of pleading, is, that a party who makes an affirmative proposition must prove it. Negatives, for the most part, are incapable of proof, and' to require them to be established as necessary to the recovery of one’s rights, is unreasonable and absurd. When the plaintiff alleges that he has discovered the fraud within four years, he makes a negative proposition, and one which it is impossible for him to prove. To exact such proof, is to withhold from him the benefit of the rule ; it is, in fact, to abolish it altogether. The question is, did the plaintiff have notice ? It is obvious that the affirmative is with the party who asserts the fact of notice, and whose interest it is to establish that fact. It is just and reasonable, therefore, to cast the onus probandi upon the party with whom is the affirmative.
This was the rule which prevailed in the trial of this cause. The fraud was most satisfactorily made out by the evidence. *444 The defendants, under the plea of the 'statute of limitations, were required to prove that the plaintiffs had a knowledge of the fraud more than four years prior to the commencement of their suit. This fact was proven to the' satisfaction of the Chancellor who tried the cause, and this Court concurs in that conclusion upon the evidence. The whole proof of the fraud consists not in its being shown positively that a fraud was committed, but in the'violent and irresistible presumptions of fraud, arising from the penniless and vagabond condition of John Ash-by, who could not possibly have had a just claim of two thousand seven hundred and eighty-three dollars and thirty-five cents, against Stephen Ashby. By the report of the Chancellor, “he never showed property, nor exhibited the appearance of pecuniary means. •‘He was destitute of credit; always embarrassed, idle, dissipated, drunken, and addicted to low gaming.” How could such a man have a just claim against his brother to the amount stated ?■ Now of these facts, the plaintiffs were as fully cognizant in- March, 1843, when they made the arrangement, as they were when they filed their bill. This is not left to conjecture. It is'fully proved by the evidence of Dr. Dogan, one of the plaintiffs’ witnesses,’whose testimony is fully stated in the circuit decree. ■ In the issue of notice within four years, giving the plaintiffs' the benefit of the rule, as above stated, this Court is of opinion, as was the Circuit Court, that they have not rebutted the plea' of the statute of limitations.
It will be as well to remark in this connexion, that the notice of the fraud, the want of which will prevent the statute from running,'is not alone positive information that a fraud has been actually'committed. The notice will be sufficient to prevent the suspension'of the statute, if it be such, as would put unreasonably .diligent man upon the inquiry. -Nor must the aggrieved party wait until he has discovered evidence by which he may establish the fraud in a court of justice. If he has knowledge that a fraud has been committed, though that knowledge be *445 confined to himself, he must proceed diligently ; for the statute in such case will not be suspended.
It is ordered and decreed, that the circuit decree he affirmed and the appeal be dismissed.
Johnston and WaRDLaw, CO., concurred.